ance with section 240 (a) of the Revenue Act of 1918, and computed on the basis set forth in the *Appeal of American La Dentelle, Inc.*, 1 B. T. A. 575.

---

## APPEAL OF GLASSER GRAIN CO., INC.

Docket No. 4189.   Submitted October 28, 1925.   Decided November 14, 1925.

*Martin Auslander*, *C. P. A.*, for the taxpayer.
*F. O. Graves*, *Esq.*, for the Commissioner.

### Before PHILLIPS and TRAMMELL.

Taxpayer appeals from the determination of income and profits taxes for 1918, 1919, and 1920, in the sum of $2,613.94, alleging that in computing net income various errors have been made, and further alleging that the invested capital has been understated by reason of the computation of the income and profits tax for 1917.

#### FINDINGS OF FACT.

In computing 1917 income the Commissioner overstated gross sales of taxpayer by $1,197.31, and overstated cost of goods sold by $705.68, resulting in an overstatement of net income by $491.63. Taxpayer claimed a deduction of $2,253.93 for debts alleged to have been ascertained to be worthless and written off in 1917. As to all other adjustments, taxpayer acquiesces in the Commissioner's computations. The Commissioner concedes the overstatement of income by $491.63. No competent testimony as to the alleged bad debts was introduced.

In computing 1918 income the Commissioner overstated gross sales by $1,217.66, and understated cost of goods sold by $405.78, resulting in a net overstatement of income of $1,623.44. Taxpayer claimed deductions for repairs of $1,780.76, and for refunds and allowances of $590.61. Taxpayer acquiesces in the Commissioner's determination as to all other items and the Commissioner conceded the overstatement of $1,623.44. No competent evidence was introduced to show the expenditures for repairs or to sustain any deduction for refunds and allowances.

In computing 1919 income the Commissioner overstated gross income from sales by $419.53, and understated cost of goods sold by $2,605.12, resulting in an overstatement of taxpayer's income of $3,024.65. Both parties conceded such errors and further conceded that in all other respects the computation of the Commissioner is correct.

In computing 1920 income the Commissioner erroneously overstated income from gross sales by $1,607.94, and understated cost of goods sold by $1,837.24, resulting in an overstatement of net income by $3,445.18. Taxpayer also claimed that the Commissioner erroneously understated the closing inventory by $2,887.17, but introduced no competent evidence to sustain its contention. In all respects the taxpayer acquiesces in the action of the Commissioner. The Commissioner concedes the overstatement of net income by $3,445.18.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 15 days' notice, under Rule 50.

---

## APPEAL OF ROGERS & BALDWIN HARDWARE CO.

Docket No..3355. Submitted October 14, 1925. Decided November 14, 1925.

*Lewis Luster, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the fiscal year ended April 30, 1919, in the amount of $3,147.36. The deficiency arises from the refusal of the Commissioner to include in invested capital $50,000, which the taxpayer claims was paid to the corporation by its chief stockholder, A. A. Baldwin, and also from the refusal of the Commissioner to grant relief under section 328 of the Revenue Act of 1918, although the Commissioner concedes an abnormality with respect to the taxpayer's invested capital.

### FINDINGS OF FACT.

The taxpayer is a Missouri corporation with its principal place of business in Springfield.

On July 29, 1901, A. A. Baldwin had acquired practically all of the stock of the taxpayer and thereafter during his life directed and managed its affairs. Some years thereafter Baldwin gave to his four children one-half of the outstanding stock represented by 1,000 shares and retained in his own name 1,000 shares. The corporation throughout its existence, and particularly during the year in question, remained a family affair, in which A. A. Baldwin was the dominating factor.